IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CHARLES WADDELL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 14-CV-929 -NJR-PMF |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM AND ORDER**

**ROSENSTENGEL, District Judge:**

Pending before the Court is Defendant United States of America's Motion to Dismiss for Violation of Statute of Repose (Doc. 5). In the Motion, the United States seeks to dismiss Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. The United States contends that Plaintiff's cause of action is barred by the Illinois medical malpractice statute of repose, 735 ILCS 5/13-212. Plaintiff filed a response brief on October 30, 2014 (Doc. 7). For the reasons set forth below, the motion to dismiss is granted.

**Factual and Procedural Background**

In his Complaint, Plaintiff alleges that on or about September 23, 2007, he was admitted for treatment at the Veterans Administration ("VA") Hospital located in Marion, Illinois (Doc. 2 at ¶ 3). Plaintiff asserts that his health deteriorated for the two weeks following his admittance to the VA (*Id*. at ¶ 5). After approximately two weeks at the VA, Plaintiff alleges he was transferred to St. Louis University where he was

diagnosed with encephalopathy secondary to zoconotide toxicity (*Id.*). Plaintiff contends that his encephalopathy was the result of negligent treatment he received at the VA (Doc. 2 at ¶ 5).

Plaintiff further avers that on May 22, 2009, he timely filed an administrative complaint for medical malpractice under the Federal Tort Claims Act ("FTCA") with the Department of Veterans Affairs ("Department") (Doc. 2 at ¶ 8). The Department denied the claim on February 8, 2012 (*Id.*). Plaintiff timely filed a request for reconsideration on August 1, 2012 (*Id.*). On March 21, 2014, the Department again denied the claim (*Id.*). Plaintiff filed suit in federal court on August 26, 2014, almost seven years after the alleged malpractice occurred, but within six months of the Department's final dismissal.

## Legal Standard for a Motion to Dismiss Under Rule 12(b)(6)

The purpose of a Rule 12(b)(6) motion to dismiss is to decide the adequacy of the complaint, not to determine the merits of the case or decide whether the plaintiff will ultimately prevail. *Gibson v. City of Chi.*, 910 F.2d 1510, 1520 (7th Cir. 1990). In reviewing the adequacy of a complaint, courts must construe the complaint in the light most favorable to the non-moving party, accepting as true all well-pleaded facts alleged, and drawing all possible inferences in the non-moving party's favor. *Hecker v. Deere & Co.*, 556 F.3d 575, 580 (7th Cir. 2009) (quoting *Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008)). To survive a motion to dismiss, plaintiffs need only allege enough facts to state a claim for relief that is plausible on its face. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007).

Dismissing a complaint as untimely based on a Rule 12(b)(6) motion "is an unusual step, since a complaint need not anticipate and overcome affirmative defenses, such as the statute of limitations." *Cancer Found., Inc. v. Cerberus Capital Mgmt., LP*, 559 F.3d 671, 674 (7th Cir. 2009); *accord Xechem, Inc. v. Bristol–Myers Squibb Co.*, 372 F.3d 899, 901 (7th Cir. 2004); *Clark v. City of Braidwood*, 318 F.3d 764, 767 (7th Cir. 2003). A complaint can be dismissed as untimely at the pleadings stage only when the plaintiff pleads himself out of court by alleging facts sufficient to establish a statute-of-limitations defense. *See, e.g., Xechem, Inc.*, 372 F.3d at 901 ("Only when the plaintiff pleads itself out of court – that is, admits all the ingredients of an impenetrable defense – may a complaint that otherwise states a claim be dismissed under Rule 12(b)(6)").

## Analysis

The FTCA provides a cause of action for personal injuries negligently caused by federal employees acting within the scope of their employment. 28 U.S.C. § 1346(b)(1). Under the FTCA, "a claimant must present his claims to the appropriate agency within two years of the date that the claims accrue." *Augutis v. United States*, 732 F.3d 749, 752 (7th Cir. 2013), *citing* 28 U.S.C. § 2491(b). If the agency does not dispose of the claim within six months, "the claim is deemed denied and the claimant may file in federal court." *Id.*, *citing* 28 U.S.C. § 2675(a). The claimant also has the option to give the agency more time to dispose of the claim. *Id.*, *citing* 28 U.S.C. § 2401(b). If the claimant chooses this alternative and his claim is denied, the claimant has six months after denial to file suit. *Id.*, *citing* 28 U.S.C. § 2401(b).

Plaintiff filed his administrative claim on May 22, 2009. Pursuant to the FTCA,

Plaintiff could have filed suit on November 22, 2009, six months after receiving no decision by the Department regarding his claim. Plaintiff chose not to do so, electing instead to wait for a final decision. The final decision came on March 21, 2014, when the Department denied Plaintiff's request for reconsideration. Under the FTCA, Plaintiff then had an additional six months to file suit. He did so on August 26, 2014. Thus, this lawsuit is timely filed under the FTCA.

The United States contends, however, that even though timely under the FTCA, Plaintiff's suit is barred by the Illinois statute of repose for medical malpractice actions, 735 ILCS 5/13-212. Section 13-212 states, in relevant part:

> "[N]o action for damages for injury or death against any physician or hospital…shall be brought more than two years after the date on which the claimant knew…of the existence of the injury…*but in no event shall such action be brought more than four years after the date on which occurred the act or omission or occurrence alleged in such action to have been the cause of such injury or death.*"

735 ILCS 5/13-212(a) (emphasis added). Illinois's statute of repose is not a procedural rule but "a substantive limitation on the tort of medical malpractice" that functions as an absolute bar to an action no matter when the cause of action accrues. *Augutis*, 732 F.3d at 754. Further, a potential plaintiff's lack of knowledge regarding the statute of repose limitation is of no consequence. *See Mega v. Holy Cross Hosp.*, 111 Ill.2d 416, 95 Ill.Dec. 812, 490 N.E.2d 665, 668 (1986).

The United States correctly argues that the Illinois statute of repose applies even though Plaintiff is suing under the FTCA. The United States is liable under the FTCA "in the same manner and to the same extent as a private individual under like

circumstances." 28 U.S.C. § 2674. In other words, the FTCA "incorporates the substantive law of the state where the tortious act or omission occurred." *Augutis*, 732 F.3d at 754, quoting *Midwest Knitting Mills, Inc. v. United States*, 950 F.2d 1295, 1297 (7th Cir. 1991).

In his Response, Plaintiff argues that he followed the procedural scheme outlined by the FTCA (Doc. 7). Plaintiff further asserts that nowhere in the instructions does it mention that the prospective claimant has four years or any other time limit from the date of the incident in which to file a federal lawsuit. Essentially, Plaintiff asserts that the FTCA preempts the Illinois statute of repose. The Seventh Circuit has held, however, that the "FTCA does not expressly preempt state statutes of repose, nor does it impliedly preempt state substantive law; to the contrary, it expressly incorporates it." *Augutis*, 732 F.3d at 754, *citing* 28 U.S.C. § 1346(b); *Molzof v. United States*, 502 U.S. 301, 305 (1992) ("[T]he extent of the United States' liability under the FTCA is generally determined by reference to state law."). In essence, a plaintiff must comply with the FTCA's procedural requirements as well as state substantive law such as the statute of repose. Here, Plaintiff could have complied with both, but failed to act in a timely manner.

The alleged medical malpractice occurred in September 2007. Plaintiff filed his administrative claim within two years of the date his cause of action accrued. After six months, pursuant to 28 U.S.C. § 2675(a), Plaintiff was free to bring an action in federal court. Had Plaintiff filed suit at that time, he would have complied with both the procedural requirements of the FTCA and the substantive four-year Illinois statute of

repose. Instead, Plaintiff waited an additional four years for a response regarding his administrative claim. By that time, the four-year statute of repose had long expired. As the Seventh Circuit noted in *Augutis*, this result is "unfortunate," but that cannot cause this Court to expand the FTCA's limited waiver of sovereign immunity. *Id*. at 754.

## Conclusion

For the reasons set forth above, this Court **GRANTS** Defendant United States of America's Motion to Dismiss for Violation of Statute of Repose (Doc. 5), and this action is **DISMISSED with prejudice**. The Clerk of Court is **DIRECTED** to enter judgment in favor of Defendant and against Plaintiff.

**IT IS SO ORDERED.**

**DATED:** April 3, 2015

s/ Nancy J. Rosenstengel
**NANCY J. ROSENSTENGEL**
**United States District Judge**